FILED by TB D.C.

Mar 15, 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. –MIAMI

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

## 16-20158-CR-LENARD/GOODMAN
CASE NO._____

18 U.S.C. § 1951(a)
18 U.S.C. § 924(o)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 924(d)(1)

UNITED STATES OF AMERICA

v.

ADALBERTO PEREZ,

**Defendant.**

_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning at least as early as August 28, 2014, and continuing through on or about March 1, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ADALBERTO PEREZ,**

did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "robbery" and "commerce" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendant did agree and plan with other persons known and unknown to the Grand Jury to take property from the persons and in the presence of persons employed by TransValue, Inc., a

business and company operating in interstate and foreign commerce, against the will of those persons, by means of actual and threatened force, violence, and fear of injury to said persons, in violation of Title 18, United States Code, Section 1951(a).

## COUNT 2

Beginning at least as early as August 28, 2014, and continuing through on or about March 1, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### ADALBERTO PEREZ,

did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to use and carry a firearm during and in relation to a crime of violence, that is a violation of Title 18, United States Code, Section 1951(a), as set forth in Count 1 of this Indictment, an offense for which the defendant may be prosecuted in a court of the United States, and to possess a firearm in furtherance of such crime, in violation of Title 18, United States Code, Section 924(c)(1)(A); all in violation of Title 18, United States Code, Section 924(o).

## FORFEITURE ALLEGATIONS

The allegations of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **ADALBERTO PEREZ**, has an interest.

1.      Upon conviction of the violation alleged in Count 1 of this Indictment, the defendant, **ADALBERTO PEREZ**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

2

2. Upon conviction of the violation alleged in Count 2 of this Indictment, the defendant, **ADALBERTO PEREZ**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), any firearm and ammunition involved in or used in the commission of such violation.

3. The property that is subject to forfeiture includes, but is not limited to, the following:

    a. One (1) Taurus 40 caliber pistol;

    b. One (1) Glock Model 26 .9mm handgun;

    c. Thirty-three (33) rounds of .9mm ammunition;

    d. Eleven (11) rounds of 40 caliber ammunition;

    e. Forty-four (44) rounds of 44 caliber ammunition;

    f. Twenty-eight (28) rounds of .38 caliber ammunition;

    g. Fifteen (15) rounds of 30 carbine ammunition;

    h. One (1) round of .380 caliber ammunition;

    i. One (1) round of RM Fire ammunition;

    j. Seven (7) rounds of .357 caliber ammunition;

    k. Gold jewelry seized from 1201 Sharar Avenue, Opa Locka, Florida 33054, on March 2, 2016;

    l. Approximately $663,796.00 in United States currency seized from 1201 Sharar Avenue, Opa Locka, Florida 33054, on March 2, 2016;

    m. Real property located at 1201 Sharar Avenue, Opa Locka, Florida 33054;

    n. Real property located at 15321 NW 32 Avenue, Opa Locka, Florida 33054;

o.  Real property located at 3751 NW 208 Terrace, Miami Gardens, Florida 33055;

p.  2005 24' Seaswirl boat and 2005 Twin Yamaha engines, seized from 1201 Sharar Avenue, Opa Locka, Florida 33054, on March 2, 2016;

q.  2005 Loadmaster trailer, seized from 1201 Sharar Avenue, Opa Locka, Florida 33054, on March 2, 2016;

r.  2012 Toyota Tacoma, seized from 1201 Sharar Avenue, Opa Locka, Florida 33054, on March 2, 2016;

s.  2012 silver Nissan; and

t.  2011 blue Nissan.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

MICHAEL E. GILFARB
ASSISTANT UNITED STATES ATTORNEY

ELINA A. RUBIN-SMITH
ASSISTANT UNITED STATES ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

ADALBERTO PEREZ,

    Defendant.
_____/

CASE NO. _____

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

  X  Miami  ____  Key West
  ____  FTL     ____  WPB   ____  FTP

New Defendant(s)      Yes _____   No ____
Number of New Defendants   _____
Total number of counts     _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   Yes___
   List language and/or dialect   Spanish_____

4. This case will take   6-8   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)          (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | x | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | x |
| V | 61 days and over | _____ | | |

6. Has this case been previously filed in this District Court?  (Yes or No)   No____
If yes:
Judge: _____  Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?  (Yes or No)   Yes__
If yes:
Magistrate Case No.   16-mj-2268-WCT_____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of   3/2/2016_____
Defendant(s) in state custody as of _____
Rule 20 from the _____  District of _____

Is this a potential death penalty case? (Yes or No)   No___

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   _____ Yes   x___ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   _____ Yes   x___ No

_____
ELINA A. RUBIN-SMITH
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501786

*Penalty Sheet(s) attached                 REV 4/8/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:  ADALBERTO PEREZ**

**Case No:**

Count #:1

Conspiracy to Commit Hobbs Act Robbery

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** 20 Years' Imprisonment

Count #:2

Conspiracy to Possess a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(o)

**\*Max. Penalty:** 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**